## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

--------------------------------------------------------

KIMBERLY RIGSBY, *individually and*          :
*on behalf of all others similarly situated,*   :
                                              :
                Plaintiff,                    :
                                              :   Civil Action No.: _____
        v.                                    :
                                              : **JURY TRIAL DEMANDED**
FICOSA NORTH AMERICA                          :
CORPORATION,                                  :
                                              :
                Defendant.                    :

--------------------------------------------------------

## COLLECTIVE ACTION COMPLAINT

Plaintiff Kimberly Rigsby ("Plaintiff") hereby files this Collective Action Complaint against FICOSA North America Corporation ("Defendant"), and alleges, upon personal belief as to her own acts, and upon information and belief as to the acts of others, as follows:

## NATRURE OF THE ACTION

1.     Plaintiff brings this Collective Action Complaint contending that Defendant unlawfully failed to pay individuals in the position of Customer Technician or in positions with similar duties, overtime compensation pursuant to the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.

2.     Additionally, Plaintiff brings this action individually to recover unpaid overtime wages, liquidated damages, pre-judgment interest, and reasonable

attorneys' fees and costs as a result of Defendant's violations of the Kentucky's Wage and Hours Act, Ky. Rev. Stat. Ann. §§ 337.010, *et seq.* ("KWHA 337.010").

3.     Plaintiff was employed by Defendant in the position of Customer Technician. During the tenure of her employment, Defendant unlawfully failed to pay Customer Technicians for overtime compensation for work performed in excess of forty (40) hours during a workweek.

4.     Accordingly, Customer Technicians regularly worked more than forty (40) hours per week, but were not properly compensated for their work in that Customer Technicians were not paid an overtime premium at 1.5 times their regular rate of pay for each hour worked in excess of forty (40) hours in a workweek, in violation of the FLSA and KWHA 337.010.

5.     Plaintiff contends that she and similarly situated employees are owed unpaid wages and overtime compensation, as a result of Defendant's unlawful pay practices.

6.     Defendant maintains a systemic policy of willfully misclassifying Customer Technicians as exempt from overtime pay pursuant to the FLSA's administrative exemption despite knowing that their primary job duties do/did not fall within the administrative exemption of the FLSA's exemptions to the statute's overtime pay requirements. *See* 29 U.S.C. § 207(a)(1); 29 CFR § 541.200.

7.     Plaintiff brings this action as a representative action under the FLSA, and individually under the KWHA 337.010 for monetary damages and penalties, to seek redress for Defendant's willful, unlawful, and improper conduct.

## JURISDICTION AND VENUE

8.     This Court has jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides, in relevant part, that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction." *See* 29 U.S.C. § 216(b).

9.     This Court also has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

10.     This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

11.     This Court has personal jurisdiction over Defendant because it is headquartered in Michigan.

12.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Defendant resides in this district.

## PARTIES

13.     Plaintiff Kimberly Rigsby is a United States citizen and currently resides in Pleasureville, Kentucky.

14.     Plaintiff was employed by Defendant at Defendant's Shelbyville, Kentucky facility from approximately September 6, 1988, to March 31, 2022.

15.     Defendant is a corporation duly organized and existing in the state of Michigan, with its headquarters located at 30870 Stephenson Highway, Madison Heights, MI 48071.

16.     Defendant maintains and operates manufacturing facilities located in Shelbyville, Kentucky, and Cookeville, Tennessee, and maintains a corporate office located in Madison Heights, Michigan.

17.     Defendant's registered agent for service of process in Michigan is Frederick James Zicard, located at 30870 Stephenson Highway, Madison Heights, MI 48071.

18.     Customer Technicians are/were employees who have been employed by Defendant during all times relevant hereto and, as such, are employees entitled to the FLSA's protections. *See* 29 U.S.C. § 203(e).

19.     At all times relevant hereto, Defendant acted or failed to act through its agents, servants, and/or employees thereto existing, each of whom acted at all times relevant hereto in the course and scope of their employment with and for Defendant.

## GENERAL ALLEGATIONS

20.     The foregoing paragraphs are hereby incorporated by reference as though the same were fully set forth at length herein.

21.    Defendant's gross annual sales has been in excess of $500,000 at all relevant times.

22.    Defendant is an "[e]nterprise engaged in commerce or in the production of goods for commerce" within the meaning of the FLSA, 29 U.S.C. § 203(s) because they have employees engaged in commerce as well as employees handling, settling, and otherwise working on goods or materials that have been moved in or produced for commerce.

23.    Additionally, Defendant has had two (2) or more employees handling, selling, or otherwise working with or on goods or materials that have been moved in or produced for commerce.

24.    Specifically, to name an example, Customer Technicians assist in the packaging of Defendant's products (side-view automobile mirrors) that are shipped nationally and/or internationally.

25.    Defendant has engaged in ordinary commercial activities within the meaning of the FLSA that result in sales made or business done.

26.    Defendant operates manufacturing facilities that specifically produce side-view automobile mirrors to be sold to various automobile manufacturers.

27.    Defendants manufacturing facilities are operated in Shelbyville, Kentucky, Cookeville, Tennessee, and Madison Heights, Michigan.

28.     Defendant staffs each manufacturing facility with at least one (1) Customer Technician.

29.     Defendant employs Customer Technicians, who are/were responsible for checking customer requests and/or orders, providing customers with information and assistance with respect to the shipment of goods purchased, packaging goods produced for customers and placing the goods in shipment containers, and communicating with Defendant's production department for estimated completion dates to notify customers of expected shipment and/or deliver dates.

30.     Defendant suffered and permitted Customer Technicians to work more than forty (40) hours per week without overtime pay.

31.     Defendant failed to pay Customer Technicians any overtime premium or any other compensation for their hours worked in excess of forty (40) hours in a workweek.

32.     In addition to the shifts Plaintiff worked at Defendant's Shelbyville, Kentucky manufacturing facility, Plaintiff typically worked five (5) shifts per week, each lasting more than eight (8) hours, exclusive of time spent working from home and travelling to Defendant's facility.

33.     Plaintiff's hours worked included time she spent working from home by reviewing customer orders and/or requests, and responding to customer orders

and/or requests, notifying customers they had been received, and travelling to Defendant's Shelbyville, Kentucky manufacturing facility in her personal vehicle.[1]

34. Plaintiff worked more than forty (40) hours in most, if not all, workweeks.

35. Despite working over forty hours in a workweek, Plaintiff was not paid an overtime premium for the hours worked over forty (40) in a workweek.

36. By way of example, during the week of July 15, 2021, to July 21, 2021, Plaintiff worked approximately fifty-seven (57) hours, plus additional time spent working from home and travelling to Defendant's facility.

37. Despite working over forty (40) hours during the week of August 16, 2021, to August 20, 2021, Plaintiff was not paid an overtime premium for the approximately seventeen (17) hours worked over forty. In fact, Plaintiff was not paid anything at all additional for those hours.

38. Customer Technicians do not qualify for any of the exemptions under the FLSA.

---

[1] If an employee engages in work-related activity that is 'integral and indispensable' to their work, then any travel afterwards is compensable. *See Bonilla v. Baker Concrete Const., Inc.*, 487 F.3d 1340, 1342 (11th Cir. 2007); *see Jarmon v. Vinson Guard Servs.*, 2010 U.S. Dist. LEXIS 14803, at *38 (N.D. Ala. July 13, 2010) (Commonly called the "continuous workday rule," this maxim requires that, "once an employee's workday starts, the employer must compensate that employee for hours spent on the job, with the exclusion of applicable bona fide meal periods and breaks, until the employee completes his last principal activity of the shift.") (citing *IBP, Inc. v. Alvarez*, 546 U.S. 21 (2005)); *see also Gartat v. Capala Bros.*, 257 F.R.D. 353, 361 (E.D.N.Y 2009) ("The critical inquiries . . . are when and where the workday starts, for once it begins, the continuous workday rule applies.").

39.     Defendant willfully misclassified Customer Technicians as exempt from overtime pay, despite knowing that their primary job duties do not fall within any applicable exemption nor any of the FLSA's exemptions to the statute's overtime pay requirements.

40.     Defendant classified Customer Technicians as exempt from overtime pay.

41.     Defendant is aware, or should have been aware, that Customer Technicians perform non-exempt work that required payment of overtime compensation.

42.     The other Customer Technicians were classified as exempt from overtime by Defendant.

43.     The Customer Technicians were not paid any overtime compensation for hours worked over forty (40) a workweek.

44.     Customer Technicians still had to work over forty (40) hours a workweek.

45.     Defendant does not have a sustainable reason under the law to classify Plaintiff as exempt from overtime.

46.     At all times relevant hereto, Customer Technicians are/were "non-exempt" employees under the FLSA and entitled to receive overtime compensation

at a rate of 1.5 times their regular rate of pay for all hours worked over forty (40) in a workweek.

47.     As a result of Defendant's aforesaid illegal actions, Customer Technicians have suffered damages.

## FLSA COLLECTIVE ACTION ALLEGATIONS

48.     The foregoing paragraphs are hereby incorporated by reference as though fully set forth at length herein.

49.     This action is brought as a collective action to recover unpaid compensation and overtime compensation, liquidated damages, unlawfully withheld wages, statutory penalties, and damages owed to Plaintiff and all similarly situated current and former employees of Defendant.

50.     Pursuant to 29 U.S.C. § 216(b) of the FLSA, Plaintiff brings this action individually and on behalf of:

> *All current and former Customer Technicians employed by Defendant at any time within three (3) years preceding the commencement of this action and the date of judgment (hereinafter referred to as the "FLSA Collective").*

51.     There are other Customer Technicians who either are working or worked for Defendant within the past three (3) years who were unlawfully misclassified as exempt from overtime compensation, thus denied overtime compensation at 1.5 times their "regular rate" of pay for hours worked in excess of forty (40) in a workweek as a result of the unlawful practices described herein. The

precise number of employees can easily be ascertained by Defendant. These employees can be identified and located using Defendant's payroll and personnel records. The FLSA Collective may be informed of the pendency of this collective action by direct mail, e-mail, and text message.

52.     Pursuant to 29 U.S.C. § 216(b), this action is properly maintained as a collective action because the FLSA Collective are similarly situated. The FLSA Collective are/were similarly misclassified as "exempt" from overtime and denied overtime compensation at 1.5 times their regular rate of pay, had the same or similar job classifications and job duties, and were subject to the same uniform policies, business practices, payroll practices, and operating procedures.

53.     Further, Defendant's willful policies and practices, which are discussed more fully in this Collective Action Complaint, whereby Defendant failed to pay the FLSA Collective an overtime premium based on 1.5 times their "regular rate" for all hours worked over forty (40) hours in a workweek, have impacted the FLSA Collective in the same fashion.

54.     Plaintiff will request the Court to authorize notice to all current and former similarly situated employees employed by Defendant, informing them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid compensation, overtime compensation, and liquidated damages under the FLSA.

**COUNT I**
**FAIR LABOR STANDARDS ACT**
**29 U.S.C. § 201, *et seq.***
**FAILURE TO PAY OVERTIME COMPENSATION**
(***Brought Individually and on Behalf of All Others Similarly Situated***)

55.     The foregoing paragraphs are hereby incorporated by reference as though the same were fully set forth at length herein.

56.     Pursuant to Section 206(b) of the FLSA, employees must be compensated for every hour worked in a workweek.

57.     Moreover, under Section 207(a)(1) of the FLSA, employees must be paid overtime equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week.

58.     Defendant suffered and permitted Plaintiff and the FLSA Collective to routinely work hours in excess of forty (40) in a workweek without receiving any overtime compensation.

59.     Defendant's actions, policies, and practices described above violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff and the FLSA Collective members for overtime hours in accordance with the FLSA.

60.     Defendant knew, or showed reckless disregard for the fact, that they failed to pay these individuals overtime compensation in violation of the FLSA. The

foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

61.     As the direct and proximate result of Defendant's unlawful conduct, Defendant is liable to Plaintiff and the FLSA Collective for actual damages, liquidated damages, and other equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs, and expenses.

**COUNT II**
**KENTUCKY WAGES AND HOURS ACT**
**Ky. Rev. Stat. Ann. §§ 337.010, *et seq.***
**FAILURE TO PAY OVERTIME COMPENSATION**
**(*Brought Individually on Behalf of Named Plaintiff*)**

62.     The foregoing paragraphs are hereby incorporated by reference as though fully set forth at length herein.

63.     Defendant has employed Plaintiff within the meaning of the KWHA § 337.010(1)(e) and Plaintiff has not been exempt from the protections of the Kentucky's Wages and Hours Act.

64.     K.R.S. § 337.285 provides "No employer shall employ any of his employees for a work week longer than forty (40) hours, unless such employee receives compensation for his employment in excess of forty (40) hours in a work week at a rate of not less than one and one-half (1-½) times the hourly wage rate at which he is employed."

65.     Plaintiff has regularly worked in excess of forty (40) hours per week.

66.     Defendant suffered and permitted Plaintiff to routinely work in excess of forty (40) hours per workweek without receiving any overtime compensation for the hours worked over forty (40) in a workweek.

67.     Defendant's actions, policies, and practices described above violate the KWHA 337.010's overtime requirement by regularly and repeatedly failing to compensate Plaintiff for overtime hours in accordance with K.R.S. § 337.285.

68.     Defendant knew, or showed reckless disregard for the fact, that they failed to pay Plaintiff overtime compensation in violation of the KWHA 337.010. The foregoing conduct, as alleged, constitutes a willful violation.

69.     As a result of Defendant's violations of KWHA 337.010, Plaintiff is entitled to recover unpaid overtime wages dating five (5) years back, KWHA § 413.120(2), plus an additional equal amount in liquidated damages, reasonable attorneys' fees, and costs of this action, pursuant to KWHA § 337.385.

## **RELIEF REQUESTED**

**WHEREFORE**, Plaintiff, on behalf of herself and the FLSA Collective, respectfully requests that this Court grant the following relief against Defendant:

A.     Certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth herein (Count I);

B.     Ordering Defendant to disclose in computer format, or in print if no computer readable format is available, the names and addresses of all FLSA

Collective members, and permitting Plaintiff to send notice of this action to all those similarly situated individuals, including the publishing of notice in a manner that is reasonably calculated to apprise the FLSA Collective members of their rights by law to join and participate in this lawsuit;

C.     Designating Plaintiff as the representative of the FLSA Collective and undersigned counsel as Class counsel for the same;

D.     Finding that Defendant willfully violated the FLSA and the Department of Labor's attendant regulations as cited herein;

E.     Finding that Defendant violated the KWHA § 337.010, *et seq.*, and that said violations were intentionally, willfully oppressive, fraudulent and malicious;

F.     Granting judgment in favor of Plaintiff and against Defendant and awarding Plaintiff and the FLSA Collective the full amount of compensatory damages and liquidated damages available by law;

G.     Awarding reasonable attorneys' fees and costs incurred by Plaintiff in filing this action as provided by the statutes;

H.     Granting an incentive award for the Lead Plaintiff for serving as representative of the FLSA Collective members in this action;

I.     Awarding pre- and post-judgment interest to Plaintiff on these damages; and

J.     Awarding such other and further relief as this Court deems appropriate.

## **<u>JURY DEMAND</u>**

Plaintiff Kimberly Rigsby, individually and on behalf of all other FLSA Collective members, by and through her attorneys, hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above-entitled claims.

Respectfully submitted,

Dated: July 27, 2022

*/s/ Jason Brown*
Jason T. Brown
Nicholas Conlon (to seek PHV)
Edmund C. Celiesius (to seek PHV)
BROWN, LLC
111 Town Square Place, Suite 400
TEL: (877) 561-0000
jtb@jtblawgroup.com
nicholasconlon@jtblawgroup.com
ed.celiesius@jtblawgroup.com

*Lead Counsel for Plaintiff*
